UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ANGEL BARE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AT&T MOBILITY, LLC, and )<br>SEDGWICK CLAIMS MANAGEMENT )<br>SERVICES, INC., )<br>)<br>Defendants. ) | No.: 2:11-CV-180<br>(VARLAN/INMAN) |

## MEMORANDUM OPINION

Plaintiff Angel Bare brought this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, to recover short-term disability ("STD") benefits under the terms of an employee welfare benefit plan provided by her former employer, AT&T Mobility, LLC ("AT&T Mobility"). Pending before the Court are defendants' Motion for Judgment in an ERISA Case [Doc. 19] and plaintiff's Motion for Judgment on the Administrative Record [Doc. 21]. Defendants have filed a response in opposition to plaintiff's motion [Doc. 22], but plaintiff did not file a response to defendant's motion and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. The motions are now ripe for determination.

The Court has carefully considered the parties' filings in light of the administrative record and the applicable law. For the reasons that follow, plaintiff's motion for judgment

on the administrative record will be denied. Defendants' motion for entry of judgment will be granted. This case will be dismissed.

## I. Standard of Review

Because this is an ERISA case, "the summary judgment procedures set forth in [Federal] Rule [of Civil Procedure] 56 are inapposite to ERISA actions and thus should not be utilized in their disposition." *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring in the judgment and delivering the opinion of the Court on the summary judgment issue); *see also Buchanan v. Aetna Life Ins. Co.*, 179 F. App'x 304, 306 (6th Cir. 2006) ("Traditional summary judgment concepts are inapposite to the adjudication of an ERISA action for benefits . . . because the district court is limited to the evidence before the plan administrator at the time of its decision . . . ."). Rather, the Court must review the administrative record and make findings of fact and conclusions of law. *Wilkins*, 150 F.3d at 619 (Gilman, J., concurring).

More particularly, this is an ERISA denial of benefits case. In *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, (1989), the Supreme Court held that a challenge to the denial of benefits under ERISA should "be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Where the plan administrator exercises discretion, a deferential, abuse of discretion—or arbitrary and capricious—standard of review applies. *Id.* at 111.

2

As set forth in the Summary Plan Description, the benefits plan in this case was the AT&T Mobility Disability Benefits Program (hereinafter "the Plan"), a component program under the AT&T Umbrella Benefit Plan No. 1 [Doc. 19-1]. As of the effective date of the Plan, January 1, 2008, AT&T, Inc. was the Plan Administrator [*Id.* at p. 36] and Nationwide Better Health was the Claims Administrator [*Id.* at p. 39]. Sedgwick Claims Management Services ("Sedgwick") became the Claims Administrator in April 2010 [Doc. 19-2 at p. 8]. AT& T Services, Inc. became the Plan Administrator in December 2010 [Doc. 19-3]. The Plan provides that "[t]he Claims Administrator has been delegated authority by the Plan Administrator to determine whether a particular Eligible Employee who has filed a claim for benefits is entitled to benefits under the Program. This includes the authority to determine claims and appeals on these matters." [Doc. 19-1 at p. 38]. The Plan further provides:

> The Plan Administrator (or, in matters delegated to third parties, the third party that has been so delegated) shall, to the maximum extent permitted by law, have sole discretion to interpret the Program, including but not limited to interpretation of the terms of the Program, determinations of coverage and eligibility for benefits, and determination of all relevant factual matters. Any determination made by the Plan Administrator or any delegated third party shall not be overturned unless it is arbitrary and capricious.

[Doc. 19-1 at p. 38]. Based on this grant of discretionary authority to Sedgwick, this case is governed by the abuse of discretion standard of review, a point that plaintiff concedes [*See* Doc. 21 at p. 2].

This Court may therefore only disturb Sedgwick's benefits determination in this case if it finds the basis of the determination to be arbitrary and capricious. "Under [this]

3

standard, [the Court] will uphold the administrator's decision 'if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence.'" *Glenn v. MetLife*, 461 F.3d 660, 666 (6th Cir. 2006) (quoting *Baker v. United Mine Workers of Am. Health & Ret. Funds*, 929 F.2d 1140, 1144 (6th Cir. 1991)).

## II.  Relevant Findings of Fact

Plaintiff was employed by AT&T Mobility as a Customer Service Representative since 2002. Plaintiff was first absent from work on July 26, 2010, due to various gastrointestinal issues, including irritable bowel syndrome, bloating, constipation, and abdominal pain, and migraines that continued through October 20, 2010. Plaintiff was treated by her primary care physician, Dr. Dale Whitson, and a nurse practitioner in his office, Pam Trantham. Plaintiff also received psychiatric treatment from a mental health practitioner, Brian Scott, for anxiety and depression that were believed to exacerbate her irritable bowel symptoms. Following a seven-day waiting period required by the Plan, plaintiff received STD benefits from August 2, 2010, through August 16, 2010 [AR at 243].

On September 3, 2010, plaintiff was notified that her STD claim was denied effective August 17, 2010 [AR at 254]. Upon review of Dr. Whitson's records from July 26, 2010, through August 13, 2010, Sedgwick concluded "there were no objective medical findings provided other than generalized tenderness of the abdomen [and t]his information does not support your inability to perform your sedentary job duties." In a September 2, 2010 letter, Dr. Whitson advised Sedgwick of the following:

4

> Ms. Bare has been out of work for an extended period recently because of severe exacerbation of abdominal pain with nausea and vomiting. She is felt to have a flare of her diverticulitis, but also having some functional component of nausea and vomiting and flare of irritable bowel due to high stress recently. There has been exacerbation of anxiety and depression due to some extended family issues which have caused a significant exacerbation. . . . She has not been able to work her regular job due to the severity of her symptoms which have been debilitating. We have asked her to remain off work until 09/20/2010. . . . I do believe her absence from work is medically necessary at this time.

[AR at 263]. After receiving this additional information from Dr. Whitson, Sedgwick concluded that "it does not provide clinical evidence to support disability from {08/17/2010 through your return to work date} and does not alter our previous denial decision" [AR at 276].

On September 23, 2010, plaintiff appealed the denial of benefits decision by claiming that she had a bacterial infection, suffered from headaches and migraines, diarrhea, constipation, abdominal pain, stomach bloating, and vomiting. She also claimed that she had been referred to a therapist for anxiety, depression, and pain management [AR at 289]. Sedgwick then referred her claim to three physician reviewers.

In a report dated November 4, 2010, Dr. Matthew O. Horowitz, board certified in internal medicine and gastroenterology, reviewed plaintiff's available medical records and spoke with Ms. Trantham. According to Dr. Horowitz's report, Ms. Trantham opined that plaintiff had anxiety and depression that triggered the irritable bowel symptoms and that "she did feel that the [plaintiff] appeared clearly troubled by her GI symptoms" [AR at 334]. Ms. Trantham also "did not disagree that the patient's psychiatric issues were at the core of her

5

inability to function at work" [*Id.*]. Dr. Horowitz concluded that plaintiff was not disabled "from a gastroenterology perspective" and that "her symptoms are directly related to anxiety and stress and that there are no organic gastrointestinal issues present" [AR at 336].

In a report also dated November 4, 2010, Dr. Mark Webb, board certified in psychiatry, reviewed plaintiff's medical and psychiatric records. Dr. Webb concluded that plaintiff was not psychiatrically disabled, although she is "noted to have anxiety, depression, panic attacks, fatigue, and increased sleep" [AR at 341]. Because these symptoms were not severe, they would not impact her ability to function; alternatively stated, the findings were clinically significant, but not disabling. [AR at 341.]

Finally, plaintiff's medical and psychiatric records were reviewed by Dr. Jose Perez, board certified in internal medicine. In a report dated November 4, 2010, Dr. Perez concluded that plaintiff was not disabled from an internal medicine perspective [AR at 346]. Dr. Perez noted that "the clinical findings documented upon examination do not support an inability to work" [AR at 347]. Although plaintiff had a history of irritable bowel syndrome, anxiety, and stress, the diagnoses of migraine and urinary tract infections were not disabling. Further, Dr. Perez concluded that the period of time off work exceeds the usual amount of work loss expected for these conditions [*Id.*].

After receiving additional records from Dr. Whitson for evaluations on October 6 and 20, 2010, all three Sedgwick reviewing physicians provided supplemental reports. Dr. Webb opined that the new medical information did not alter his previous decision that plaintiff was not disabled. He concluded that the new medical information "highlights that her symptoms

6

are situational, come and go, and are not severe. She is functioning outside of work; therefore, she could function inside of work. . . . This all highlights that Ms. Bare's complaints are significant, but they are situational, and they are not severe or disabling" [AR at 352]. Similarly, Dr. Perez concluded that the additional records do "not change the previous decision that the employee is not disabled from her regular job" [AR at 354]. Upon review of the additional information, Dr. Horowitz also concluded that "the new medical does not change my previous decision that the employee is not disabled from her regular job" [AR at 356]. Plaintiff was notified of the denial of her claim on November 12, 2010 [AR at 361– 63].

> The Plan provides:
>
>> To qualify for short-term disability benefits, plaintiff "must be absent from work and be unable to perform the duties of his or her Customary Job (that is, the work activity that you were hired to regularly perform for the Employer and that serves as your source of income from the Employer) due to illness (including pregnancy) or injury for more than seven (7) consecutive calendar days after the approved Date of Disability. . . . STD benefits are not payable until you are out for seven (7) consecutive calendar days."

[Doc. 19-1 at p. 11]. The Plan also states that "[i]n order to establish your Disability you must present credible, objective medical evidence. The Claims Administrator also may appoint an independent Physician to examine you in order to verify your Disability" [Doc. 19-1 at p. 25]. The claim process allows for an appeal of the initial decision denying a claim. In an appeal:

> A qualified individual who was not involved in the decision to deny your initial claim will be appointed to decide the appeal. This

7

> individual will decide the claim based upon the evidence that was considered by the Claims Administrator, the issues, records and comments submitted by you, and such other evidence as the individual may independently discover. If your appeal is related to clinical matters, the review will be done in consultation with a Physician with appropriate expertise in the field and who was not involved in the initial determination. The Claims Administrator may consult with, or seek the participation of, medical experts as part of the appeal resolution process.

[Doc. 19-1 at p. 28].

### III. Conclusions of Law

#### A. Claims Against AT&T Mobility

AT&T Mobility has raised a preliminary issue, which must be addressed first. Citing Sixth Circuit authority, AT&T Mobility argues that it cannot be held liable as it did not participate in or have the authority over the decision to deny benefits [Doc. 20 at p. 4]. Plaintiff has not responded to this argument.

The Court agrees with AT&T Mobility. As explained in *Moore v. Lafayette Ins. Co.*, a fiduciary under ERISA includes anyone "who exercises discretionary control or authority over a plan's management, administration, or assets" and "a person is a fiduciary only with respect to those aspects of the plan over which he or she exercises authority or control." 458 F.3d 416, 438 (6th Cir. 2007). Thus, an employer, such as AT&T Mobility, who does not control or influence the decision to grant or deny benefits under an employee welfare benefit plan is not the fiduciary with respect to denial of benefit claims. *Id*; *see also Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988) ("Unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits.");

*Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 842 (6th Cir. 2007) (same). As noted previously, AT&T Services, Inc. is the Plan Administrator and Sedgwick is the Claims Administrator with the discretionary authority to determine any claim for benefits. Because Sedgwick made the decision with respect to plaintiff's claim for STD benefits, Sedgwick, and not AT&T Mobility, is the proper party defendant for a denial of benefits claim. Judgment will be entered on behalf of AT&T Mobility.

### B. Claims Against Sedgwick

Defendants have moved for judgment as a matter of law on the grounds that the denial of benefits was neither arbitrary nor capricious [Doc. 20 at pp. 8–12]. Plaintiff has also moved for judgment on the record on the grounds that she should be considered totally disabled under the Plan and that defendants should have ordered an independent medical exam to provide plaintiff with a full and fair review of her claim [Doc. 21 at pp. 5–9]. Plaintiff also contends that two of Sedgwick's reviewing physicians made credibility decisions based solely on a review of her records [*Id*. at pp. 7, 9]. In response, defendants argue that Sedgwick was not required to conduct a medical exam of plaintiff and a review of her records was not arbitrary and capricious [Doc. 22 at pp. 2–4]. Defendants also argue that plaintiff has failed to establish that Sedgwick's reviewing physicians were biased [*Id*. at pp. 4–6].

In cases where the benefit plan gives the fiduciary or administrator discretionary authority to determine eligibility for benefits, the arbitrary and capricious standard of review is appropriate. *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991). An

9

administrator's decision on eligibility for benefits is not arbitrary and capricious if it is "rational in light of the plan's provisions." *Id.* at 984 (quoting *Daniel*, 839 F.2d at 267); *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 381 (6th Cir. 1996). "This standard is the least demanding form of judicial review of administrative action. When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514, 520 (6th Cir. 1998) (citations and internal quotation marks removed). Applying this standard of review requires that the "decision be upheld if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Baker v. United Mine Workers of Am. Health and Ret. Funds*, 929 F.2d 1140, 1144 (6th Cir.1991). Finally, "'merely because [the Court's] review must be deferential does not mean [the Court's] review must also be inconsequential. . . . [F]ederal courts do not sit in review of the administrator's decisions only for the purpose of rubber stamping those decisions.'" *Houston v. UNUM Life Ins. Co. of Am.*, 246 F. App'x 293, 299 (6th Cir.2007) (alterations and omissions in original) (citation omitted).

After careful examination of the record, the Court concludes that Sedgwick's decision to deny plaintiff STD benefits as of August 17, 2010, was not arbitrary or capricious. The record reveals that plaintiff was treated for a variety of gastrointestinal and psychological issues beginning on July 26, 2010. Sedgwick reviewed all of plaintiff's available medical records during the initial claim review. During the appeal, plaintiff's medical records were again reviewed by three physician advisors. None of these reviewers concluded that plaintiff

10

was disabled as defined by the Plan (i.e., unable to perform the duties of her job as a Customer Service Representative). Although her primary care physician, Dr. Whitson, continued to believe that plaintiff was unable to return to work, neither Sedgwick nor the reviewing physicians were required to defer to his opinion. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 831 (2003) ("Nothing in the Act itself, however, suggests that plan administrators must accord special deference to the opinions of treating physicians. Nor does the Act impose a heightened burden of explanation on administrators when they reject a treating physician's opinion."). Further, while Dr. Whitson based his treatment and opinions on the plaintiff's subjective description of her symptoms, there was no objective evidence of "organic GI issues" or severe or disabling psychological issues [AR at 352, 356]. Based on the reviews performed by Sedgwick's physician advisors, the Court cannot conclude that the denial of plaintiff's claim for STD benefits was unsupported by the evidence.

Plaintiff complains that Dr. Webb's opinion was rendered only by reviewing her medical records and without an in-person examination. Because Dr. Perez and Dr. Horowitz noted plaintiff's anxiety and depression, plaintiff argues that Dr. Webb's conclusion was based on inappropriate credibility determinations and that an independent medical exam should have been performed [Doc. 21 at pp. 5–7]. However, as noted by Sedgwick, the Plan permits, but does not require, an independent medical exam and the decision to conduct a file review is just one factor for the Court to consider. *Calvert v. Firstar Finance, Inc.*, 409 F.3d 286, 295 (6th Cir. 2005). There is no indication here that the reviewing physicians did not consider all of plaintiff's records or that they did not believe her symptoms. As Dr. Webb

11

noted in his final report, "her symptoms are situational, come and go, and are not severe. She is functioning outside of work; therefore, she could function inside of work" [AR at 352]. The Court cannot find that Dr. Webb's opinion was arbitrary or capricious.

With respect to Dr. Horowitz's report, plaintiff complains that he too made a credibility determination based on a review of the records and that Dr. Horowitz does not define what is meant by the "ability to function from a gastroenterology perspective" [Doc. 21 at p. 8]. However, an examination of Dr. Horowitz's report shows a detailed recitation of plaintiff's course of treatment [AR at 334–35]. His report acknowledges plaintiff's irritable bowel and psychiatric symptoms, but concludes that "her symptoms are directly related to anxiety and stress and that there are no organic gastrointestinal issues present" [AR at 336]. He also notes that a CAT scan on August 2, 2010, "did not reveal any diverticular disease" [AR at 336]. Contrary to plaintiff's argument, it does not appear that Dr. Horowitz made any credibility determinations; instead, he simply recited that there was no identifiable disease or disfunction causing plaintiff's symptoms. The court cannot conclude that his opinion, or Sedgwick's reliance upon it, was unsupported by the record.

Plaintiff complains that Dr. Perez considered only migraines and urinary tract infection as possible sources of disability, rather than "the constellation of difficulties" that plaintiff encountered. Plaintiff also suggests that Dr. Perez's consultation with Dr. Whitson was "an ambiguous, cursory discussion" without any discussion of her job requirements [Doc. 21 at p. 9]. Contrary to plaintiff's argument, Dr. Perez's report contains a detailed recitation of her treatment and a review of the diagnoses "*including* migraine and a urinary

12

tract infection" [AR at 345–46].  Dr. Perez concluded that plaintiff had a history of irritable bowel syndrome, anxiety, and stress, but "[f]rom an internal medicine perspective, the diagnoses of migraine and urinary tract infections were not disabling based on the information that has been provided" [AR at 347].  The Court cannot conclude that Dr. Perez's opinion, or Sedgwick's reliance upon it, was unsupported by the record.

One final issue raised by plaintiff is the suggestion that both Dr. Webb and Dr. Perez are biased because they have testified on behalf of employers or insurance companies in the past [Doc. 21 at pp. 7, 9].  Sedgwick responds by noting that plaintiff has merely cited cases in which physicians of the same names testified on behalf of employers or insurance companies and she has not developed a record to show that the identities of the physicians are the same or that Sedgwick operated under a conflict of interest [Doc. 22 at p. 4].

It is unclear whether plaintiff is suggesting that Sedgwick or the reviewing physicians had a conflict of interest, but the Court finds it appropriate to addresses the issue.  "An insurer operates under a conflict of interest when it is responsible both for evaluating claims and paying benefits." *Hogan v. Life Ins. Co. of N. Am.*, No. 12-5902, 2013 WL 1316542, at *7 (6th Cir. April 3, 2013) (citing *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008).  That situation, however, is not present here.  Further, while physicians retained by benefits plans may have an incentive to make a finding of "not disabled" in order to save their employers money and preserve their own consulting arrangements, plaintiff has presented no more than conclusory allegations of bias.  *DeLisle v. Sun Life Assur. Co. of Canada*, 558 F.3d 440, 445 (6th Cir. 2009).  Accordingly, plaintiff has not shown that a

13

conflict of interest actually affected Sedgwick's decision to deny her STD benefits. *Frazier v. Life Ins. Co. of N. Am.*, 725 F.3d 560 (6th Cir. 2013).

IV. **Conclusion**

In light of all the evidence in the record, the Court concludes that Sedgwick's decision denying plaintiff's claim for STD benefits was supported by evidence in the record and was not arbitrary or capricious. Therefore, plaintiff's motion for judgment on the administrative record [Doc. 21] will be **DENIED** and defendants' motion for judgment [Doc. 19] will be **GRANTED** and this case will be closed.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE